IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT M. MOORE, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PHH MORTGAGE SERVICES CORPORATION,<br><br>    Defendant. | Case No.  1:19-cv-00129 |

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff, ROBERT M. MOORE, individually, and on behalf of all others similarly situated, through counsel, of SULAIMAN LAW GROUP, LTD., pursuant to Fed. R. Civ. P. 23 asserting the following class action claims against Defendant, PHH MORTGAGE SERVICES CORPORATION:

## NATURE OF THE ACTION

1. This action is seeking damages for Defendant's violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated.

1

## PARTIES

4. ROBERT M. MOORE ("Plaintiff") is a natural person, over 18-years-of-age, who formerly resided at 2227 Blue Harbor Drive, Fort Wayne, Indiana 46804 and now resides at 484 Manchester Trail, Clayton, North Carolina 27527.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. PHH MORTGAGE SERVICES CORPORATION ("Defendant") provides private label mortgage services in the United States. It focuses on originating retail residential mortgages. The company offers fixed-and adjustable-rate mortgages, home equity lines of credit, and construction-to-permanent financing. It provides mortgage services to financial institutions, real estate brokers, affinity groups, credit unions, corporations, and government agencies. PHH Mortgage Services Corporation was formerly known as PHH U.S. Mortgage Corporation. The company was incorporated in 1977 and is based in Mount Laurel, New Jersey with facilities in Mount Laurel/Moorestown, New Jersey; and Jacksonville, Florida. PHH Mortgage Services Corporation operates as a subsidiary of PHH Corporation.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## GENERAL ALLEGATIONS

9. On December 14, 2006, Plaintiff executed a mortgage in favor of American Brokers Conduit.

10. The Mortgage secured the purchase of Plaintiff's personal residence located at 2227 Harbor Drive, Fort Wayne, Indiana 46804.

11. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $176,000.00 (the "mortgage loan").

12. This indebtedness is a "debt" as defined by 15 U.S.C. § 1692a(5) as it arises out of a transaction primarily for personal, family, or household purposes.

13. On May 1, 2009, Plaintiff defaulted on the mortgage loan by failing to make monthly payments.

14. On March 11, 2010, Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

15. Simultaneously with the voluntary petition, Plaintiff filed his Chapter 13 plan. Plaintiff's plan provided:

> 9. Property to Be Surrendered to Secured Creditor
>
> | Name | Description of Property |
> |---|---|
> | BAC Home Loans Servic | Real estate located at 2227 Blue Harbor Dr., Fort Wayne, IN |

16. Plaintiff's Chapter 13 Plan was confirmed on December 28, 2010 (the "Confirmed Plan").

17. On November 19, 2015, the Bankruptcy Court entered an Order of Discharge for the benefit of Plaintiff under 11 U.S.C. § 1328(a).

18. Plaintiff's discharge by operation released Plaintiff's personal liability on indebtedness owed on Plaintiff's mortgage loan.

19. On February 16, 2019, Defendant became the new servicer of Plaintiff's mortgage loan.

20. On February 21, 2019, Defendant mailed Plaintiff a "Payment Reminder Notice." *See* Exhibit A.

3

21. The Payment Reminder Notice stated:

Your mortgage payments are past due, which puts you in default of your loan agreement. If you have recently mailed your payments, please disregard this letter. As of the date of this letter, *you owe* the following:

- Number of months past due: 117
- Total monthly payments due: $180,895.59
- Accumulated late charges: $1,500.75
- Total amount due: $182,396.34

(emphasis added).

22. Defendant's post-discharge collection practice(s) have caused Plaintiff emotional distress consistent with believing he remained liable to Defendant on this mortgage loan.

## INDIVIDUAL CLAIMS FOR RELIEF

### Count I:
### Violation of 15 U.S.C. § 1692

23. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

24. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

(2) The false representation of –

(A) the character, amount, or legal status of any debt.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

25. "A demand for immediate payment while a debtor is in bankruptcy is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362)

or the discharge injunction (11 U.S.C. § 524), it is not." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004).

26. Defendant's communication is objectively false and misleading in that it misrepresents the legal status of Plaintiff's account by, *inter alia*, stating "***you owe***" – falsely representing that money is due, although because of the discharge injunction, it is not; violating 15 U.S.C. §§ 1692e(2), and e(10).

27. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2) and e(10) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

    (1)    any actual damage sustained by such person as a result of such failure;

    (2)

        (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

***

    (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff request the following relief:

A.    find that Defendant violated 15 U.S.C. §§ 1692e(2) and e(10);

B.    award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C.    award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

5

D.      award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E.      award such other relief as this Court deems just and proper.

## CLASS ALLEGATIONS

28.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

29.    Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class").

**A.    Numerosity.**

30.    On information and belief, Defendant mailed letters in an identical format as the Payment Reminder Notice to Indiana consumers on no less than 40 occasions.

31.    The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

**B.    Typicality.**

32.    Plaintiff's claims are typical of the claims of the other members of the Putative Class.

33.    On information and belief, Defendant's business records will show that they mailed mailed letters in an identical format as the Payment Reminder Notice to Indiana consumers.

34.    Plaintiff's claims are typical of the members of the Putative Class because Plaintiff and the members of the Putative Class are entitled to damages as result of Defendant's conduct.

**C.    Commonality and Predominance.**

35.    There are common questions of fact and law with the claims of Plaintiff and the Putative Class.

36. These common questions of fact and law are whether Defendant sought to collect discharged mortgage debt.

37. These common questions of fact and law are subject to common proof through review of Defendant's business records.

38. These common questions of fact and law are answerable for the entirety of the Putative Class.

39. These common questions of fact and law predominate over any questions that may affect individual members of the Putative Class.

**D.     Superiority and Manageability.**

40. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

41. Joinder of all parties is impracticable.

42. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution of Defendant's post-discharge collection practices.

43. Even if individual members of the Putative Class could sustain such individual litigation, it would still not be preferable to a class action because individual litigation would increase the delay and expense to all parties and courts.

44. By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

45. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation.**

46. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

47. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

48. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

## CLASS CLAIMS FOR RELIEF

### Count II:
### Violation of 15 U.S.C. § 1692

49. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

50. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (2)   The false representation of –
>
>   (A)   the character, amount, or legal status of any debt.
>
> (10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

51. "A demand for immediate payment while a debtor is in bankruptcy is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004).

52. Defendant's communication is objectively false and misleading in that it misrepresents the legal status of the members of the Putative Class' mortgage loans by, *inter alia*, stating "***you owe***" – falsely representing that money is due, although because of the discharge injunction, it is not; violating 15 U.S.C. §§ 1692e(2), and e(10).

53. As set forth above, Plaintiff can satisfy the elements of Fed. R. Civ. P. 23, including numerosity.

54. The Putative Class is defined as follows:

> All natural persons residing in the State of Indiana who (a) within the one (1) year prior to the filing of the original complaint and during its pendency (b) received the same or a substantially similar letter as the letter attached hereto as Exhibit A (c) for purposes of collection upon a consumer debt (d) that was discharged in Chapter 7 or Chapter 13 bankruptcy pursuant to 11 U.S.C. §§ 727 or 1328(a).

55. Excluded from the Putative Class are: (1) Defendant, its agents, parents, predecessors, subsidiaries, successors and any entity in which Defendant, or its agents, parents, predecessors, subsidiaries, successors have a controlling interest, and those entities' current and former directors, employees and officers; (2) the Judge or Magistrate Judge to whom this case is assigned, as well as the Judge or Magistrate Judge's immediate family; (3) persons who execute and timely file a request for exclusion; (4) persons whose claim(s) in this matter have been finally adjudicated and/or otherwise released; (5) the assigns, legal representatives and/or successors of any such excluded person(s); and (6) Counsel for Plaintiff and Counsel for Defendant.

56. Members of the Putative Class will be identified through discovery of Defendant's business records.

57. Members of the Putative Class may enforce the provisions of 15 U.S.C. §§ 1692e and e(10) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt

collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff, on behalf of members of the Putative Class requests the following relief:

A. grant certification of the proposed class, including the designation of Plaintiff as the named representatives, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

B. find that Defendant violated 15 U.S.C. §§ 1692e and e(10);

C. enjoin Defendant from further violations of 15 U.S.C. §§ 1692e and e(10);

D. an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;

E. an award of costs of this action, together with reasonable attorneys' fees as determined by this Court; and

F. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: March 29, 2019                                  Respectfully submitted,

**ROBERT M. MOORE**

*/s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com